# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| EVENT PARTNERS, LLC | ) | Case No. 14-10112-JNF |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| AMESBURY LAND ASSOCIATES, INC., | ) | Case No. 14-10111-JNF |
| | ) | |
|     Debtor. | ) | |
| | ) | |

## ORDER APPROVING (A) BIDDING PROCEDURES, (B) FORM AND MANNER OF SALE NOTICES, AND (C) SALE HEARING DATE

Upon the motion, dated October 30, 2014 [Docket No. ___] (the "Motion"), of Stewart F. Grossman, the Chapter 11 trustee (the "EP Trustee") of the bankruptcy estate of Event Partners, LLC ("EP") and Warren E. Agin, the Chapter 11 trustee (the "ALA Trustee", together with the EP Trustee, the "Trustees") of the bankruptcy estate of Amesbury Land Associates, Inc. ("ALA", together with EP, the "Debtors"), for entry of orders pursuant to sections 105 and 363 of title 11 of the Bankruptcy Code (the "Code") and Rules 2002, 6004, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Massachusetts Local Bankruptcy Rule ("Local Rule") 6004-1 (i) approving (a) bidding procedures, (b) form and manner of sale notices, and (c) sale hearing date, and (ii) authorizing and approving the sale of real property and substantially all of the Debtors' assets, free and clear of liens, claims, and encumbrances, and upon the record of the dockets in the chapter 11 cases; and, sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    <u>Jurisdiction and Venue.</u>  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(b)(1).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).  Venue of these cases and the Motion is proper pursuant to 28 U.S.C. § 1408.

B.    <u>Statutory Predicates.</u>  The statutory and other legal predicates for the relief sought in the Motion are Code sections 105 and 363 and Bankruptcy Rules 2002, 6004, and 9006 and Local Rule 6004-1.

C.    <u>Final Order.</u>  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rule 6004(h), the Court expressly finds that there is no reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

D.    <u>Notice.</u>  Good and sufficient cause exists to shorten the time period required under Bankruptcy Rules 2002 for notice of hearing on this Motion.  Proper, timely, adequate and sufficient notice of the Motion and this Order has been provided by the Trustee to all parties entitled to notice in accordance with Code sections 102 and 363 and Bankruptcy Rules 2002, 6004, and 9007 and Local Rule 6004-1.  Such notice, and the form and manner thereof, was good, sufficient and appropriate under the circumstances.

E.    <u>Opportunity to Object.</u>  A reasonable opportunity to object or be heard with respect to the Motion and this Order has been afforded to all interested persons and entities.

F.    <u>Bidding Procedures Are Reasonable and Appropriate.</u>  The Trustees have demonstrated good and sufficient reasons for the Court to approve the motion for approval of the Bidding Procedures, the form and manner of notice of the Motion, and the scheduling of the Sale

Hearing.  The Bidding Procedures (as defined and described below) are reasonable and appropriate and represent the best method for maximizing the value of the Property.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      <u>Findings of Fact and Conclusions of Law.</u>  The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed and deemed so ordered, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed and deemed so ordered.

2.      <u>Notice.</u>  Good and sufficient cause exists to shorten the time period required under Bankruptcy Rules 2002 and 9006 for notice of hearing on this Motion.  Proper, timely, adequate and sufficient notice of the Motion and this Order has been provided by the Trustee to all parties entitled to notice in accordance with Code sections 102 and 363 and Bankruptcy Rules 2002, 6004, and 9007, and Local Rule 6004-1.  Such notice, and the form and manner thereof, was good, sufficient and appropriate under the circumstances.

3.      <u>Objections.</u>  All objections and responses, if any, to the Motion or this Order that have not been withdrawn, waived or settled as announced to the Court or by stipulation filed with the Court or pursuant to the terms of this Order, and all reservations of rights included therein, are hereby overruled on the merits, with prejudice.  All persons and entities given notice of the Motion and this Order that failed to timely object thereto are deemed to consent to the relief herein.

4.     <u>Bidding Procedures Approved.</u>  The bidding procedures attached hereto as **Exhibit 1** and incorporated herein by reference (the "<u>Bidding Procedures</u>") are approved and shall govern all proceedings relating to the Auction and any bids for the Property in these cases.

5.     <u>Assets To Be Sold.</u>  The Property proposed to be sold are substantially all of the Debtors' assets, as described more particularly in the Asset Purchase Agreement (the "<u>APA</u>"), attached as **Exhibit C** to the Motion.

6.     <u>As Is, Where Is.</u>  The Sale of the Property shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by either of the Trustees or their agents.

7.     <u>Free of Any and All Claims and Interests.</u>  The Property shall be sold free and clear of all liens, claims, encumbrances, and interests.

8.     <u>Participation Requirements.</u>

a.     In order for a Bidder to become a "<u>Qualified Bidder</u>," such Bidder must provide, in form and substance satisfactory to the Trustees, in advance of the Bid Deadline (as defined below), the following:  an executed asset purchase agreement, substantially in the form of **Exhibit C** to the Motion and marked to show the amendments and modifications thereto, and a Good Faith Deposit to the EP Trustee in the amount of $25,000 in immediately available funds.

b.     Each Qualified Bidder, by submitting a Bid, shall be deemed to acknowledge and agree that it (i) is not relying upon any written or oral statements, representations, promises, warranties or guarantees of any kind whether expressed or implied, by operation of law or otherwise, made by any person or party including the Trustees, their

respective agents and representatives, regarding the Property, the Bidding Procedures or any information provided in connection therewith and (ii) consents to the jurisdiction of the Court.

   c. Nothing herein shall alter the rights of the Purchaser under Section 363(k) of the Code.

   d. The Purchaser shall automatically be deemed to be a Qualified Bidder without the need to comply with any of the foregoing requirements.

   9. <u>Due Diligence.</u>

   a. The Trustees will coordinate the diligence process and provide due diligence access and information as reasonably requested by any Bidder.

   b. It is expected that Bidders will complete all due diligence in connection with the Property and the Auction prior to the Bid Deadline and, in any event, without the written consent of the Trustees, no Bid may be subject to any closing condition relating to completion of additional due diligence.

   10. <u>Bid Deadline.</u>  Bids shall be due no later than **December 2, 2014 at 4:30 p.m. (eastern standard time)** (the "<u>Bid Deadline</u>").  All Bids must be submitted by e-mail or Federal Express so as to be actually received by counsel to the EP Trustee, Adam J. Ruttenberg, Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110  at aruttenberg@lgllp.com by the Bid Deadline.

   11. <u>Designation of Stalking Horse Bidder.</u>  The Trustees have agreed to a minimum purchase price with a proposed purchaser, the Purchaser (as defined in the APA), who has agreed to have its Qualified Bid serve as a "stalking horse" Bid at the Auction (the "<u>Stalking Horse Bid</u>").

12.     <u>Auction May Be Required.</u>  If more than one Qualified Bid is submitted

by the Bid Deadline, the Court shall conduct an auction at the time of the Sale Hearing in

accordance with the following procedures:  (i) participation in the auction will be limited to  each

Qualified Bidder that has timely submitted a Qualified Bid and only Qualified Bidders will be

entitled to make any subsequent Qualified Bids at the auction, and (ii) bidding at the auction will

begin with the greater of the Qualified Bid that the Trustees believe is the highest or otherwise

best offer for the Property (the "<u>Baseline Bid</u>") or an amount equal to the Stalking Horse Bid

plus the Expense Reimbursement (the "<u>Minimum Overbid</u>"), will continue at minimum

increments of at least $5,000, and will conclude after each participating Bidder has had the

opportunity to submit one or more additional Bids.  The Minimum Overbid is in accordance

with, and falls far below, the threshold requiring prior approval pursuant to Local Rule 6004-1.

13.     <u>Selection of Successful Bid.</u>  After the conclusion of the Auction, the

Trustees shall select the highest or otherwise best Qualified Bid (or Bids) for the Property, after

taking into account such factors as the price of such bids, the form and structure of the bids, and

any tax considerations, and shall seek Court approval to enter into and consummate such

transaction(s) (a "<u>Successful Bid</u>") and the Bidder making such Bid (the "<u>Successful Bidder</u>").

14.     <u>Sale Hearing.</u>  A hearing to consider approval of the Sale (the "<u>Sale</u>

<u>Hearing</u>") will be held on **December 4, 2014 at** [_____], or as soon thereafter as the

Court's calendar will permit, before the Honorable Joan N. Feeney, United States Bankruptcy

Court for the District of Massachusetts, 5 Post Office Square, Boston, Massachusetts 02109, at

which time the Court shall consider the Motion and the Successful Bid.  The Sale Hearing may

be adjourned or rescheduled without notice other than by announcement of the adjourned date at

the Sale Hearing.  If the Trustees receive more than one Qualified Bid, then, at the Sale Hearing,

the Trustees shall seek approval of the Successful Bid, and may also seek approval of the second highest or best Qualified Bid (the "Alternate Bid" and such Bidder, the "Alternate Bidder").  The Trustees will not be bound by a Successful Bid or Alternate Bid unless and until such Bid shall have been approved by the Court pursuant to an unstayed order.  Following approval of the Sale to the Successful Bidder, if the Successful Bidder fails to consummate the Sale for any reason, then the Alternate Bid will be deemed to be the Successful Bid and the Trustees will effectuate a Sale to the Alternate Bidder without further order of the Court, and the Trustees and any other person may pursue any and all remedies available under law against the Successful Bidder in connection with its failure to consummate such Sale.

15.     <u>Return of Good Faith Deposits.</u>  Good Faith Deposits of all Successful Bidders and Alternate Bidders shall be held in an interest-bearing escrow account by counsel to the EP Trustee and Alternate Bids shall remain open and not returned (notwithstanding Court approval of a Sale pursuant to the terms of one or more Successful Bids), until two business days following the closing (the "Deposit Return Date") of the Sale to the Successful Bidder.  The Good Faith Deposits of all other Qualified Bidders will be returned within 48 hours of the Auction.  The Good Faith Deposit(s) submitted by the Successful Bidder, together with interest thereon, shall be applied against the payment of the cash portion of the purchase price upon closing of the Sale to the Successful Bidder.  In the event a Bidder fails to close through its own default, its Good Faith Deposit shall be released to the Trustees.  On the Deposit Return Date, the Trustees will return the Good Faith Deposits of all other Successful Bidders and Alternative Bidders with accrued interest.

16.     <u>Notice of Sale.</u>  Notice of the Motion and the Sale Hearing shall be good and sufficient, and no other or further notice shall be required, if given as follows:

a.      Within three (3) days after entry of this Order, notice of the Sale substantially in the form attached hereto as Exhibit 2 (the "Sale Notice"), along with this Order and the Bidding Procedures, shall be served by either electronic mail or first-class mail, postage prepaid, upon (i) all entities known to have expressed an interest in a transaction with respect to the Property; (ii) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon the Property; (iii) all known creditors of the Debtors; (iv) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 cases pursuant to Bankruptcy Rule 2002; (v) Town Agent for the City of Amesbury Conservation Commission and the Massachusetts Department of Environmental Protection.

b.      The Trustees request that if any party objects to the relief requested in the Motion, that such party be required to file an objection (the "Sale Objection") on or before **December 2, 2014 at 4:30 p.m.** (the "Sale Objection Deadline").

c.      The failure of any objecting person or entity to timely file its objection by the Sale Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale or the Trustees' consummation and performance of the Sale and any agreements related to the Sale, if authorized by the Court, except with respect to any objection relating solely to facts or circumstances that came into existence following the Sale Objection Deadline.

d.      The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

17.     <u>Order Immediately Enforceable.</u>  Notwithstanding the provisions of Bankruptcy Rule 6004 or any applicable provision of the Local Rules, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry.

18.     <u>Retention of Jurisdiction.</u>  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.  If there is any discrepancy between the Motion, the Bidding Procedures, and/or this Order, this Order shall control.

Dated: _____, 2014

_____
HONORABLE JOAN N. FEENEY
UNITED STATES BANKRUPTCY JUDGE

## BIDDING PROCEDURES

The bidding procedures (the "Bidding Procedures") set forth below shall be employed with respect to the proposed sale (the "Sale") of all or substantially all of the property (the "Property") of the Debtors subject to competitive bidding as set forth herein and approval of the Sale by the United States Bankruptcy Court for the District of Massachusetts (the "Court") pursuant to sections 105 and 363 of the Bankruptcy Code (the "Code") and Federal Rules of Bankruptcy Procedure 2002, 6004, and 9006 (the "Bankruptcy Rules").

On October 30, 2014, the Trustees filed with the Court their motion (the "Motion") for entry of orders (i) approving (a) bidding procedures, (b) form and manner of sale notices, and (c) sale hearing date, and (ii) authorizing and approving the sale of real property and substantially all of the Debtors' assets, free and clear of liens, claims, and encumbrances.

On [_____], the Court entered the *Order Approving (A) Bidding Procedures, (B) Form and Manner of Sale Notice, and (C) Sale Hearing Date* (the "Bidding Procedures Order"). The Bidding Procedures Order set [_____] as the date on which the Court will conduct a hearing (the "Sale Hearing"), subject to adjournment as set forth below and in the Bidding Procedures Order, to authorize the Trustees to sell the Property to the Successful Bidder.

The Bidding Procedures set forth herein describe, among other things, the Property available for sale, the manner in which bidders and bids become Qualified Bidders and Qualified Bids, respectively (each, as defined herein), the coordination of diligence efforts among bidders, the receipt and negotiation of bids received, the conduct of any subsequent auction (the "Auction"), the selection of the Successful Bidder(s) (as defined herein) and the Court's approval thereof.

The proposed Bidding Procedures provide for the solicitation by the Trustees of

proposals or offers (each, a "Bid") by any potential bidder (each, a "Bidder"), pursuant to the following terms and conditions:

## Assets to be Sold

The Property[1] proposed to be sold is substantially all of the Debtors' assets, as described more particularly in the APA.

## As Is, Where Is

The Sale of the Property shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by any of the Trustees or their agents.

## Free of Any and All Claims and Interests

The Property shall be sold free and clear of all liens, claims, encumbrances, and interests.

## Participation Requirements

To ensure that only Bidders with a serious interest in the purchase of the Property participate, the Bidding Procedures provide for certain minimal requirements for a Bidder to become a "Qualified Bidder."  These requirements include that the Bidder must provide, in form and substance satisfactory to the Trustees, in advance of the Bid Deadline (as defined below), the following:  an executed asset purchase agreement, substantially in the form of **Exhibit C** to the Motion and marked to show the amendments and modifications thereto, and a Good Faith Deposit in the amount of $25,000 in immediately available funds.  The Purchaser shall automatically be deemed to be a Qualified Bidder without the need to comply with any of the foregoing requirements.

## Due Diligence

The Bidding Procedures permit each interested Bidder (before or after becoming a

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, the Bidding Procedures Order, and/or the Asset Purchase Agreement.

Qualified Bidder) an opportunity to participate in the diligence process, including permitting access to inspect the Property, including the Real Property and the building thereon, and walk the acreage of the premises.  The Trustees will also provide each interested Bidder with bidding materials and information that have been prepared by the Trustees in their efforts to market the Property.  The Trustees will coordinate the diligence process and provide due diligence access and information as reasonably requested by any interested Bidder.

### Bid Deadline

The Bidding Procedures provide that Bids shall be due no later than **December 2, 2014 at 4:30 p.m. (eastern standard time)** (the "Bid Deadline").  All Bids must be submitted by e-mail or Federal Express so as to be actually received by counsel to the EP Trustee, Adam J. Ruttenberg, Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110 at aruttenberg@lgllp.com by the Bid Deadline.

### Qualified Bid Requirements

All Bids must be in writing acceptable to the Trustees and include the following: (i) an executed asset purchase agreement, substantially in the form of **Exhibit C** to the Motion and marked to show the amendments and modifications thereto; (ii) a refundable good faith deposit in the amount of $25,000 in immediately available funds (a "Good Faith Deposit") (such Bid a "Qualified Bid").  A Qualified Bid must not contain any conditions to closing other than the Court's approval.

Each Qualified Bidder, by submitting a Bid, shall be deemed to acknowledge and agree that it (i) is not relying upon any written or oral statements, representations, promises, warranties or guarantees of any kind whether expressed or implied, by operation of law or otherwise, made by any person or party including the Trustees, their respective agents and representatives,

regarding the Property, the Bidding Procedures or any information provided in connection therewith and (ii) consents to the jurisdiction of the Court.  Nothing herein shall alter the rights of the Purchaser under Section 363(k) of the Code.

### Stalking Horse Bidder

Pursuant to the APA, and subject to the Court's approval, the Trustees have agreed to a minimum purchase price with a proposed purchaser, the Purchaser (as defined in the APA, the "Stalking Horse Bidder"), who has agreed to have its Qualified Bid serve as a "stalking horse" Bid at the Auction (the "Stalking Horse Bid").  Additionally, subject to the Court's approval, the Trustees have agreed to expense reimbursement of the Stalking Horse Bidder in an amount of up to $25,000, subject to the Court's review of evidence of expenses actually incurred in such amount.

### Auction May Be Required

If more than one Qualified Bid is submitted by the Bid Deadline, the Court shall conduct an Auction at the time of the Sale Hearing in accordance with the following procedures:  (i) participation in the Auction will be limited to  each Qualified Bidder that has timely submitted a Qualified Bid and only Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction, and (ii) bidding at the Auction will begin with the greater of the Qualified Bid that the Trustees believe is the highest or otherwise best offer for the Property (the "Baseline Bid") or an amount equal to the Stalking Horse Bid plus the Expense Reimbursement (the "Minimum Overbid"), will continue at minimum increments of at least $5,000, and will conclude after each participating Bidder has had the opportunity to submit one or more additional Bids. The Minimum Overbid is in accordance with, and falls far below, the threshold requiring prior approval pursuant to Local Rule 6004-1.

**<u>Selection of Successful Bid</u>**

After the conclusion of the Auction, the Trustees shall select the highest or otherwise best Qualified Bid (or Bids) for the Property, after taking into account such factors as the price of such bids, the form and structure of the bids, and any tax considerations, and shall seek Court approval to enter into and consummate such transaction(s) (a "<u>Successful Bid</u>") and the Bidder making such Bid (the "<u>Successful Bidder</u>").

**<u>Sale Hearing</u>**

The Trustees seek to have a hearing to consider approval of the Sale (the "<u>Sale Hearing</u>") on **December 4, 2014 at [Time]** or as soon thereafter as the Court's calendar will permit, before the Honorable Joan N. Feeney, United States Bankruptcy Court for the District of Massachusetts, 5 Post Office Square, Boston, Massachusetts 02109, at which time the Court shall consider the Motion and the Successful Bid.  The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.  If the Trustees receive more than one Qualified Bid, then, at the Sale Hearing, the Trustees shall seek approval of the Successful Bid, and may also seek approval of the second highest or best Qualified Bid (the "<u>Alternate Bid</u>" and such Bidder, the "<u>Alternate Bidder</u>").  The Trustees will not be bound by a Successful Bid or Alternate Bid unless and until such Bid shall have been approved by the Court pursuant to an unstayed order.  Following approval of the Sale to the Successful Bidder, if the Successful Bidder fails to consummate the Sale for any reason, then the Alternate Bid will be deemed to be the Successful Bid and the Trustees will effectuate a Sale to the Alternate Bidder without further order of the Court, and the Trustees and any other person may pursue any and all remedies available under law against the Successful Bidder in connection with its failure to consummate such Sale.

**<u>Return of Good Faith Deposits</u>**

Good Faith Deposits of all Successful Bidders and Alternate Bidders shall be held in an interest-bearing escrow account by counsel for the EP Trustee and Alternate Bids shall remain open and not returned (notwithstanding Court approval of a Sale pursuant to the terms of one or more Successful Bids), until two business days following the closing (the "<u>Deposit Return Date</u>") of the Sale to the Successful Bidder.  The Good Faith Deposits of all other Qualified Bidders will be returned within 48 hours of the Auction.  The Good Faith Deposit(s) submitted by the Successful Bidder, together with interest thereon, shall be applied against the payment of the cash portion of the purchase price upon closing of the Sale to the Successful Bidder.  In the event a Bidder fails to close through its own default, its Good Faith Deposit shall be released to the Trustees.  On the Deposit Return Date, the Trustees will return the Good Faith Deposits of all other Successful Bidders and Alternative Bidders with accrued interest.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| EVENT PARTNERS, LLC | ) | Case No. 14-10112-JNF |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| AMESBURY LAND ASSOCIATES, INC., | ) | Case No. 14-10111-JNF |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION

**NOTICE IS HEREBY GIVEN** that pursuant to the *Order Approving (A) Bidding Procedure, (B) Form and Manner of Sale Notice, and (C) Sale Hearing Date* (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the District of Massachusetts (the "Court"), Stewart F. Grossman, the Chapter 11 trustee of the bankruptcy estate of Event Partners, LLC ("EP") and Warren E. Agin, the Chapter 11 trustee of the bankruptcy estate of Amesbury Land Associates, Inc. ("ALA", together with EP, the "Trustees"), are offering for sale (the "Sale") substantially all of the Debtors' assets (the "Property"). Capitalized terms used but not otherwise defined in this notice (the "Sale Notice") shall have the meanings ascribed to them in the Bidding Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that the Property (defined below) consists of the following: (i) that certain real property owed by ALA, described as 12-14 South Hunt Road, Amesbury, MA, together with all fixtures located thereon; and (ii) all equipment, inventory and all other real and personal property owned by EP, other than Excluded Assets (defined below)

{B1783283; 2}

(the "Property"). Excluded from the Property are the Debtors' cash on hand, including cash

collateral and escrow monies held by the ALA Trustee, the EP Trustee and Gary W.

Cruickshank, respectively, all estate causes of action not otherwise released under the APA, the

EP liquor license, any rights to that certain 2008 Honda, and the Debtors' books and records (the

"Excluded Assets").

      **PLEASE TAKE FURTHER NOTICE** that the sale shall be free and clear of liens,

claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f).

      **PLEASE TAKE FURTHER NOTICE** that the Trustees have entered into an asset

purchase agreement (the "APA") with Edward A. Dipple (the "Purchaser") for the sale of the

Property for a purchase price of at least $1,833,184.10, comprised of cash and satisfaction of

claims.  The Purchaser is the secured creditor of the Debtors' estates, and has an address of 15

Wyncrest Circle, Andover, Massachusetts 01810.

      The terms and conditions of the APA are as follows[2]:

| | |
|---|---|
| Seller<br>(APA Recitals) | Stewart Grossman, as chapter 11 trustee (the "EP Trustee")  for Event Partners, LLC ("EP"), Warren Agin, as chapter 11 trustee (the "ALA Trustee", and together with the EP Trustee, the "Trustees") for Amesbury Land Associates, Inc. ("ALA", and together with EP, the "Debtors") |
| Purchaser<br>(APA Recitals) | Edward A. Dipple and Dipple Investment Associates, LLC |
| Assets<br>(APA § 2.1) | All right, title and interest of the Debtors, the EP Trustee and the ALA Trustee in and to the following property, consisting of:<br><br>(i)    that certain real property owed by ALA, described as 12-14 South Hunt Road, Amesbury, MA, together with all fixtures located thereon; and<br><br>(ii)    all equipment, inventory and all other real, personal, and |

---

[2] This summary of the APA is intended only to assist the Court and parties-in-interest in understanding the key aspects of the transaction. In the event of any conflict between this summary and the APA, the APA shall control.  The APA can be amended by the parties pursuant to a written amendment.  Any capitalized terms not defined herein shall have the meanings set forth in the APA.

| | |
|---|---|
| | intangible property owned by EP, including all permits and existing approvals to conduct business at the above premises, other than Excluded Assets.<br><br>"Excluded Assets" means all cash in the possession of Seller on the Closing Date, including monies held by Seller and Gary W. Cruickshank in escrow, all estate causes of action not otherwise released under the APA, that certain liquor license issued by the City of Amesbury to EP, any rights of Seller or the Debtors to that certain 2008 Honda bearing VIN# 1HGCP36848AO85973 and books and records of the Debtors. |
| Purchase Price (APA § 2.3) | The aggregate purchase price (the "Purchase Price") for the Property shall be total consideration valued at at least **$1,833,184.10**, comprised of cash and satisfaction of claims as follows:<br><br>(a)  Cash consideration in the amount of **$219,000**;<br><br>(b)  The release of all rights of Dipple and Dipple Investments to cash collateral in the possession of the Debtors, in the approximate amount of **$60,000**;<br><br>(c)  The release of all rights of Dipple and Dipple Investments to escrow monies in the possession of the Debtors, in the approximate amount of **$42,000**;<br><br>(d)  The waiver and release of all rights and claims of Dipple and Dipple Investments to that certain rent payment due to EP from Tosh Farrell Development Center on October 1, 2014 in the amount of **$21,000**.<br><br>(e)  The satisfaction by credit-bid of secured claims of Dipple Investments against ALA, totaling at least **$1,091,184.10**;<br><br>(e)  The satisfaction by credit-bid of **$400,000** in secured claims of Dipple against EP; and<br><br>(g)  The waiver and satisfaction of certain unsecured claims of Dipple against EP in the amount of **$525,238.98**, and subordination of the balance of the unsecured claims of Dipple against EP, in the amount of **$1,457,000** to allowed claims of other unsecured creditors of the EP estate. |
| Title to Property; Closing (APA § 3) | Provided that the conditions set forth in the APA have been satisfied, the Property will be transferred to the Purchaser as soon as practicable, on or before **December** |

| | |
|---|---|
| | **15, 2014** (the "<u>Closing Date</u>")[3]. On the Closing Date, the Property shall be transferred to the Purchaser free and clear of all liens and encumbrances (including, but not limited to all claims of the City of Amesbury for unpaid real estate and personal property taxes, water/sewer and all other utility charges, and claims relating to the Enforcement Order.<br><br>On the Closing Date, Purchaser shall pay the Purchase Price to the ALA Trustee and the EP Trustee, as applicable. |
| Allowed Claims; Subordination (APA § 8.2) | The following claims shall constitute ALLOWED claims against the EP estate:<br><br>(i)   TFS shall have an ALLOWED non-priority unsecured claim against the EP estate in the amount of $33,030.00; and<br><br>(ii)   Dipple shall have an ALLOWED non-priority unsecured deficiency claim against the EP estate in the amount of $1,457,000 which shall be subordinated to the allowed claims of other unsecured creditors against EP. |
| Releases (APA § 8.3) | On the Closing Date, Dipple, Dipple Investment Associates, LLC, Tosh Farrell Soccer Development Center and Tosh Farrell shall receive full releases of all claims against them by the Trustees and their respective estates, whether asserted or not and whether threatened or not.<br><br>On the Closing Date, the EP Trustee shall waive all claims against the ALA estate and the ALA Trustee shall waive all claims against the EP estate; the EP Trustee shall dismiss or withdraw its substantive consolidation motion with prejudice; and the ALA Trustee shall withdraw its motion for payment of rent with prejudice. |

**PLEASE TAKE FURTHER NOTICE** that a complete copy of the motion for sale will be provided to any interested party upon request and at no cost by contacting the Trustees' counsel at the address set forth below.  A complete copy of the APA is provided herewith.

**PLEASE TAKE FURTHER NOTICE** that all interested parties are invited to make

---

3 The Closing Date may be extended by mutual agreement of Seller and Purchaser as set forth in the APA.

{B1783283; 2}

4

offers to purchase the Property in accordance with the terms and conditions approved by the Court (the "Bidding Procedures").  Pursuant to the Bidding Procedures, any party wishing to submit a competing bid must submit its bid, together with the other documents required by the Bidding Procedures, no later than **December 2, 2014 at 4:30 p.m.** to counsel to the EP Trustee, Adam J. Ruttenberg of Looney & Grossman LLP, 101 Arch Street, Boston, Massachusetts 02110 at aruttenberg@lgllp.com.

 **PLEASE TAKE FURTHER NOTICE** in the event that the Trustees receive multiple Qualified Bids for the Property, the Court shall conduct an auction at the time of the hearing to approve the Sale;  participation at the auction is subject to the Bidding Procedures and the Bidding Procedures Order, copies of which are provided herewith.

 **PLEASE TAKE FURTHER NOTICE** that notwithstanding Court approval of a sale pursuant to the terms of one or more Successful Bids, the Good Faith Deposits of all Successful Bidders and Alternate Bidders will be held in an interest-bearing escrow account by counsel for the Trustees and all such Bids shall remain open and not returned until two business days following the closing (the "Deposit Return Date") of the Sale to the buyer (the "Buyer"); *provided, however,* that if the Trustees determine not to sell the Property, the Good Faith Deposits of all Qualified Bidders will be returned within 48 hours of the auction.  The Good Faith Deposits of all other Qualified Bidders will be returned within 48 hours of the auction. Upon failure to consummate the Sale of the Property because of a breach or failure on the part of the Buyer, the Debtors may proceed with a Sale to the Alternative Bidders without further order of the Court.  The Good Faith Deposit(s) submitted by the Buyer, together with interest thereon, shall be applied against the payment of the cash portion of the purchase price upon closing of the Sale to the Buyer.  In the event a Bidder fails to close through its own default, its Good Faith

Deposit shall be released to the Trustees. On the Deposit Return Date, the Trustees will return the Good Faith Deposits of all other Successful Bidders and Alternative Bidders with accrued interest.

**PLEASE TAKE FURTHER NOTICE** that the Trustees may: (a) determine in their business judgment, which Qualified Bid is the highest or otherwise best offer for the Property and (b) reject at any time before entry of an order of the Court approving a Qualified Bid any Bid which, in their discretion is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interest of the EP Estate and ALA Estate and their respective creditors.

**PLEASE TAKE FURTHER NOTICE** that any objection, higher offer, or request for hearing regarding the Sale must be filed and served on or before **December 2, 2014** at **4:30 p.m.** with the Clerk, United States Bankruptcy Court for District of Massachusetts, 5 Post Office Square, Boston, Massachusetts 02109. Copies of any objection should be served on counsel to the Trustees.

**PLEASE TAKE FURTHER NOTICE** that a hearing to approve the Sale of the Property to the highest or otherwise best Qualified Bid is scheduled to be held on [_____, 2014] at [____], before the Honorable Joan N. Feeney of the United States Bankruptcy Court for the District of Massachusetts, 5 Post Office Square, Boston, Massachusetts 02109. The hearing on the Sale may be adjourned without notice other than an adjournment in open court.

**PLEASE TAKE FURTHER NOTICE** that the Court may modify the method of sale set forth in the Sale Notice at or prior to the hearing on the proposed Sale.

**PLEASE TAKE FURTHER NOTICE** that the Court may take evidence at any hearing

on approval of the Sale to resolve issues of fact.

**PLEASE TAKE FURTHER NOTICE** that this Sale Notice is qualified in its entirety by the Bidding Procedures Order.

Dated:  November __, 2014